**FORESTVIEW THE BEAUTIFUL, INC., Appellant,**

v.

**ALL NATION INSURANCE COMPANY, Respondent.**

No. A05–50.

Court of Appeals of Minnesota.

Oct. 11, 2005.

Harry A. Sieben, Jr., Jeffrey M. Montpetit, Sieben, Grose, Von Holtum & Carey, Ltd., Minneapolis, MN, for appellant.

Robert E. Kuderer, Chad H. Gabert, Stacey A. Nilsen, Johnson & Condon, P.A., Minneapolis, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge; TOUSSAINT, Chief Judge; and WILLIS, Judge.

## OPINION

WILLIS, Judge.

In this appeal from partial summary judgment, appellant argues that the district court erred by determining that the business-income endorsement in appellant's insurance policy provides coverage only if there is a complete cessation of business activity and by granting respondent's motion for partial summary judgment. We affirm.

## FACTS

Appellant Forestview The Beautiful, Inc. (Forestview) owned and operated a resort with 20 cabins and a lodge on Leech Lake in Walker. On July 4, 1999, a severe storm damaged the resort. The storm rendered four cabins unrentable, and Forestview closed those cabins for the rest of the summer. Forestview was able to rent the other cabins, and it continued to operate the resort despite the storm damage.

Forestview subsequently filed a claim with its insurance carrier, respondent All Nation Insurance Company (All Nation), for damage and losses resulting from the storm. Forestview sought coverage under, inter alia, its policy's "business income and extra expense" endorsement. All Nation refused to compensate Forestview for all of its claimed losses, and Forestview filed a summons and complaint against All Nation, alleging that All Nation breached its contractual duties under the insurance policy.

Forestview and All Nation then settled most of Forestview's claims, and All Nation moved for partial summary judgment on the remaining claims under the business-income-and-extra-expense endorsement. The district court determined that the endorsement covered Forestview's extra-expense claims but that the business-income provision did not apply. Accordingly, the district court denied All Nation's motion for partial summary judgment on the extra-expense claim and granted partial summary judgment on the business-income claim. The extra-expense claim was settled, and Forestview's appeal followed.

## ISSUE

Did the district court err by determining that the business-income endorsement does not cover appellant's claimed losses and by granting respondent's motion for partial summary judgment?

## ANALYSIS

On appeal from summary judgment, we consider whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *N. States Power Co. v. Minn. Metro. Council*, 684 N.W.2d 485, 491 (Minn.2004). The application and interpretation of an insurance policy is subject to de novo review. *Jorgensen v. Knutson*, 662 N.W.2d 893, 897 (Minn.2003). Here, the facts relevant to the application of the business-income endorsement are undisputed.

■ The business-income endorsement in Forestview's policy provides that All Nation will "pay for the actual loss of Business Income you sustain due to necessary suspension of your 'operations' during the 'period of restoration.'" The policy defines "operations" as "business activities occurring at the described premises." The district court determined that "the plain language of the policy requires a complete stoppage or cessation of business activities in order to trigger [business-income] coverage." Whether a partial suspension of operations triggers business-income coverage is a matter of first impression in Minnesota.

■ Forestview first argues that the district court erred because the business-income endorsement is ambiguous. Forestview argues that "operations" is plural and is therefore subject to multiple interpretations. Terms susceptible to more than one meaning are ambiguous and "must be construed in favor of coverage." *Mickman Bros. v. Farm Bureau Mut. Ins. Co.*, 639 N.W.2d 890, 894 (Minn.App.2002).

Although "operations" is defined in the endorsement, Forestview notes that "operations could and should reasonably be interpreted to mean more than one business activity, such as running the restaurant, maintaining cabins, hosting conventions or renting out boats." But closing 4 cabins while the other 16 cabins remained open was not a suspension even of Forestview's cabin-rental operation. At best, it was a partial suspension of the cabin-rental operation, and neither the policy's nor Forestview's definition of "operations" supports coverage for a partial suspension of a single operation.

Forestview next argues that our ruling in *Wood Goods Galore, Inc. v. Reinsurance Assoc. of Minn.*, 478 N.W.2d 205 (Minn.App.1991), *review denied* (Minn. Jan. 30, 1992), supports coverage of a partial suspension of operations under its business-income endorsement. In *Wood Goods,* we held that a furniture manufacturer and retailer was entitled to business-income coverage when a suspension of operations at its destroyed manufacturing plant affected sales at its two retail stores. *Wood Goods,* 478 N.W.2d at 207, 210. Because the entire manufacturing operation at the plant was suspended and the plant could not produce furniture, the retail stores lost income. *Id.* But here, the cabin-in-rental operation remained open after the storm; only 4 of the 20 cabins at the resort were closed. We conclude that *Wood Goods* does not support Forestview's claim that it is entitled to business-income coverage for its partial suspension of operations.

■ Whether a partial suspension of operations triggers coverage turns on the definition of "suspension." When the language in an insurance policy is unambiguous, the terms in the policy must be given their plain and ordinary meanings. *Thommes v. Milwaukee Ins. Co.*, 641 N.W.2d 877, 880 (Minn.2002). "Suspension" is defined as "[t]he act of suspending or the condition of being suspended." *The American Heritage Dictionary* 1744 (4th ed.2000). "Suspend" is defined as "[t]o cause to stop for a period." *Id.* at 1743. The plain and ordinary meaning of "suspension" requires a complete cessation and does not support coverage when only a partial suspension occurred.

The "vast majority" of courts that have considered whether the definition of "suspension of operations" for purposes of business-income coverage includes a partial suspension of operations have held that similar policies "require[ ] a cessation of operations to trigger coverage." *Home Indem. Co. v. Hyplains Beef, L.C.*, 893 F.Supp. 987, 991–93 (D.Kan.1995) (holding that the plain meaning of "necessary suspension" requires a "complete cessation");

*accord Buxbaum v. Aetna Life & Cas. Co.,* 103 Cal.App.4th 434, 126 Cal.Rptr.2d 682, 693–94 (2002) (considering the plain meaning of "necessary suspension" in a nearly identical provision and holding that a "total cessation of business activity must occur" and that coverage does not apply "[i]f the insured continues to operate despite physical damage").

We conclude that the plain and ordinary meaning of "suspension" in Forestview's business-income endorsement does not include a partial suspension of business operations. We therefore conclude that Forestview is not entitled to business-income coverage and that the district court did not err by granting All Nation's motion for partial summary judgment.

## DECISION

Because Forestview's insurance policy requires a "suspension" of business operations to trigger business-income coverage and Forestview did not stop its business operations, Forestview is not entitled to coverage under the business-income endorsement in its insurance policy. The district court did not err by granting partial summary judgment for All Nation.

**Affirmed.**